**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| LAWSON STEEL, INC., ) | CASE NO: 1:10-cv-1750 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | NANCY A. VECCHIARELLI |
| ALL STATE DIVERSIFIED PRODUCTS, ) | |
| INC., ) | |
| ) | **REPORT & RECOMMENDATION** |
| Defendant. ) | Doc. No. 4 |

Before the Court is Defendant, All-State Diversified Products, Inc.'s ("All-State") Motion to Dismiss. (Doc. No. 4.) Plaintiff, Lawson Steel, Inc. ("Lawson"), opposes Defendant's Motion. (Doc. No. 7.) This matter was referred to the undersigned United States Magistrate Judge pursuant to referral for a Report and Recommended Decision on All-State's Motion. (Doc. No. 5.) For the reasons set forth below, the Magistrate Judge recommends that All-State's Motion be DENIED.

I.

When ruling on a motion to dismiss, a court regards all well-pleaded allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court need not accept as true legal conclusions couched as factual allegations or unwarranted

factual inferences. <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986); <u>Lewis v. ABC Bus. Servs.</u>, 135 F.3d 389, 405 (6th Cir. 1998). Lawson has pleaded the following facts.

Lawson is in the business of selling steel. All-State purchased steel from Lawson by issuing to Lawson several Purchase Orders. Lawson shipped approximately 345,177 pounds of steel to All-State pursuant to the Purchase Orders and subsequently issued Invoices to All-State to collect payment. All-State accepted the steel but has failed to pay for it.

On June 3, 2010, Lawson brought this suit against All-State in the Cuyahoga County Court of Common Pleas asserting three Counts in relation to the sale of steel: Breach of Contract, a Claim on Account, and Unjust Enrichment. (Doc. No. 1.) On July 19, 2010, Lawson amended its initial Complaint to increase the value of damages to $136,877.63. (Doc. No. 1.) Attached to the Amended Complaint were the Purchase Orders by which All-State allegedly contracted to purchase steel from Lawson.

On August 10, 2010, All-State removed this suit to federal court on the basis of diversity jurisdiction and <u>28 U.S.C. § 1441(a)</u>. (Doc. No. 1.) On August 17, 2010, All-State filed its Motion to Dismiss pursuant to <u>Federal Rule of Civil Procedure 12(b)(6)</u> for failure to state a claim for which relief can be granted. (Doc. No. 4.) All-State claims that the Purchase Orders it issued to Lawson contained forum selection clauses that vest subject matter jurisdiction for any disputes associated with the Purchase Orders only in New York State courts, and require any such disputes to be venued only in Onondaga County, New York. (*See* <u>Doc. No. 4, Ex. A, at 3, 5, 7, 9, 11, 13, 15, 17, 19,</u>

2

21; Def.'s Mem. Supp. 5 n.2.)¹ Pursuant to the forum selection clauses, All-State argues that "this Court lacks jurisdiction to address the claims contained in the Complaint and/or this matter is improperly venued in Ohio." (Def.'s Mem. Supp. 3.) All-State concludes that "this Court should enforce the forum selection clause to which the parties have agreed," (Def.'s Mem. Supp. 5), and asks the Court to "grant its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) without prejudice to Plaintiff's re-filing this action in Onondaga County, New York," (Def.'s Mem. Supp. 7).

Lawson responds that All-State's Motion should be denied because Rule 12(b)(6) "is not the appropriate mechanism for challenging proper venue or subject matter jurisdiction pursuant to an alleged forum selection clause, especially in a removed case such as this." (Pl.'s Mem. Opp'n 5.)²

---

¹ The forum selection clauses provide the following:

> GOVERNING LAWS. This agreement shall be construed and enforced according to the laws of the State of New York, excluding its "choice of law" or "conflict of law" rules. For any dispute associated with this document, Jurisdiction shall only be proper in New York State and venue shall only be proper in Onondaga County.

² Lawson argues in the alternative that, even if All-State could properly move the Court to dismiss this case pursuant to Rule 12(b)(6), All-State could not prevail because the forum selection clauses were not part of any alleged contract between the parties and were not included in the pleadings. The forum selection clauses were allegedly contained in the Terms and Conditions section on the back-sides of the Purchase Orders that All-State sent to Lawson. The Purchase Orders were allegedly sent by email, however, and consisted of only the front-sides without any Terms and Conditions sections. Even if All-State sought transfer of venue rather than dismissal, transfer could not be granted without additional evidence to resolve whether the forum selection clauses were part of any contract between the parties.

## II.

When ruling on a motion to dismiss, a court construes the complaint in a light most favorable to the plaintiff, accepts all well-pleaded factual allegations as true, and determines whether the plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all the material elements of its claims to sustain a recovery under some viable legal theory. Id. Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Id. A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. Id. The factual allegations must be enough to raise a right to relief above the speculative level; that is, there must be "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 555, 570 (2007).

### A. All-State's Challenge to Federal Subject Matter Jurisdiction

The forum selection clauses in the Purchase Orders provide that, "For any dispute associated with this document, Jurisdiction shall only be proper in New York State." (Doc. No. 4, Ex. A, at 3, 5, 7, 9, 11, 13, 15, 17, 19, 21.) All-State argues that, pursuant to these clauses, this Court does not have federal subject matter jurisdiction to hear this case. (See Def.'s Mem. Supp. 3.) The Court disagrees. A challenge to venue is distinguishable from a challenge to jurisdiction. The United States Constitution and federal law provide for federal subject matter jurisdiction in cases of diversity of citizenship. U.S. Const., art. III, § 2, cl. 1; 28 U.S.C. § 1332(a). Congress has

authorized district courts to exercise that jurisdiction upon removal of cases from state to federal court. 28 U.S.C. § 1441(a). Private parties cannot defeat the subject matter jurisdiction of a federal court by means of a contract clause. *Dowling v. Select Portfolio Servicing, Inc.*, 2007 WL 928639, at *6 (S.D. Ohio Mar. 27, 2007) (quoting *Licensed Practical Nurses, Technicians & Health Care Workers of N.Y., Inc. v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 402-03 (S.D.N.Y. 2000)); *accord Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that, because federal subject matter jurisdiction is based on the United States Constitution and federal statute, parties cannot of their own accord confer subject matter jurisdiction on a federal court, a party cannot waive it by failing to challenge it early in proceedings, and principals of estoppel do not apply); *LFC Lessors, Inc., v. Pacific Sewer Maint. Corp.*, 739 F.2d 4, 6-7 (1st Cir. 1984) (explaining that forum selection clauses do not oust the jurisdiction of a court, but only ask the court to give effect to the parties' agreement by declining to exercise its jurisdiction). *See also Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006) (explaining why a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on a forum selection clause is not appropriate).

Furthermore, All-State does not challenge the constitutional and statutory bases of the Court's federal subject matter jurisdiction over this case; therefore, the Court finds no reason to disturb it. *See Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998) (holding that a motion to dismiss based on a forum-selection clause in an international agreement should be brought pursuant to Rule 12(b)(3) rather than Rule 12(b)(1) because the forum-selection clause is unrelated

to the basis for federal jurisdiction).

### B. All-State's Challenge to Venue

All-State seeks to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because venue in this Court is allegedly improper. The forum selection clauses in the Purchase Orders provide that, "For any dispute associated with this document, . . . venue shall only be proper in Onondaga County." (Doc. No. 4, Ex. A, at 3, 5, 7, 9, 11, 13, 15, 17, 19, 21.) All-State asks the Court to "enforce the forum selection clause to which the parties have agreed," (Def.'s Mem. Supp. 5), and "grant its Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) without prejudice to Plaintiff's re-filing this action in Onondaga County, New York," (Def.'s Mem. Supp. 7).

Lawson responds that All-State's Rule 12(b)(6) Motion is not an appropriate mechanism by which to seek dismissal for improper venue based on a forum selection clause. For the reasons set forth below, the Court agrees that All-State's Rule 12(b)(6) Motion is not an appropriate mechanism for challenging venue.

A Rule 12(b)(6) motion to dismiss initially appears to be an inappropriate mechanism for dismissal based upon improper venue because a separate and distinct Federal Rule Civil Procedure—Rule 12(b)(3)—specifically allows for dismissal for "improper venue." Fed. R. Civ. P. 12(b)(3). However, as All-State concedes, Rule 12(b)(3) cannot be used to remove cases that already have been removed from state to federal court. See *Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 535 (6th Cir. 2002). The rationale for this principal is that venue is "proper" when a defendant properly

6

invokes the federal removal statute, 28 U.S.C. § 1441(a).³ *Id.* Here, All-State properly removed this case from the Cuyahoga County Court of Common Pleas to this Court pursuant to § 1441(a). Therefore, Rule 12(b)(3) is unavailable to All-State to move this Court to dismiss this case for improper venue. *See Kerobo*, 285 F.3d at 535. All-State thus relies on Rule 12(b)(6) for dismissal.

The Circuit Courts of Appeal are split on the general question of whether a Rule 12(b)(6) motion may be used to dismiss a case for improper venue based on a forum selection clause. *See, e.g., Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 387 n.3 (1st Cir. 2001) (surveying "the variegated views among the circuits concerning the appropriate vehicle for a motion to dismiss based on a forum-selection clause"). Approval of Rule 12(b)(6) as a mechanism to dismiss a case for improper venue based on a forum selection clause has been deemed a minority view, however. *Frietsch v. Refco, Inc.*, 56 F.3d 825, 830 (7th Cir. 1995).⁴

---

³ 28 U.S.C. § 1441(a) provides the following:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

⁴ Two Circuits hold Rule 12(b)(6) as the appropriate mechanism for enforcing forum selection clauses. *See Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 387 (1st Cir. 2001); *Instrumentation Assoc., Inc. v. Madsen Elec. (Canada) Ltd.*, 859 F.2d 4, 6 n.4 (3d Cir. 1988).

Four Circuits hold Rule 12(b)(3) as the appropriate mechanism for enforcing forum selection clauses. *See Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 549 (4th Cir. 2006); *Frietsch v. Refco, Inc.*, 56 F.3d 825, 830

The Sixth Circuit has explained that "[v]enue in removed cases is governed solely by § 1441(a),"[5] and that "whether a forum-selection clause should be enforced is a matter of *contract*, not an issue of proper venue." Kerobo, 285 F.3d at 534 (emphasis added). The Sixth Circuit has not, however, decided whether a party may seek dismissal of a case for improper venue pursuant to Rule 12(b)(6) based on a forum selection clause. Sec. Watch, Inc. v. Sentinal Sys., Inc., 176 F.3d 369, 371 n.2 (6th Cir. 1999); Am. Greetings Corp. v. Cookie Jar Entm't, No. 1:09-cv-1056, 2009 WL 3713686, at *2 (N.D. Ohio Nov. 3, 2009) (Gwin, J.).

All-State cites Langley v. Prudential Mortgage Capital Co., LLC, 546 F.3d 365,

---

(7th Cir. 1995); Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty, 408 F.3d 1250, 1254 (9th Cir. 2005); Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1998).

Two Circuits support using Rule 12(b)(3) for enforcing forum selection clauses. See Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 956 (10th Cir. 1992); Commerce Consultants Int'l, Inc. v. Vetrerie Riunite, S.p.A., 867 F.2d 697, 698 (D.C. Cir. 1989).

One Circuit has enforced a forum selection clause pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. See AVC Nederland B.V. v. Atrium Inv. Partnership, 740 F.2d 148, 152, 155, 160 (2d Cir. 1984).

Three Circuits have declined to decide which Federal Rule of Civil Procedure is most appropriate for enforcing forum selection clauses. See Haynsworth v. The Corp., 121 F.3d 956, 961 (5th Cir. 1997); Sec. Watch, Inc. v. Sentinel Sys., Inc., 176 F.3d 369, 371 n.2 (6th Cir. 1999); Rainforest Café, Inc. v. EklecCo, L.L.C., 340 F.3d 544, 546 (8th Cir. 2003).

[5] 28 U.S.C. § 1404(a) provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." All-State notes that § 1404(a) is unavailable because the forum selection clause specifies venue in New York state court and § 1404(a) does not allow transfer from federal court to state court. This concern, however, is not relevant to whether All-State's Rule 12(b)(6) motion is appropriate.

8

369 (6th Cir. 2008), for the proposition that a party may seek dismissal of a case because of improper venue pursuant to Rule 12(b)(6). In <u>Langley</u>, the Sixth Circuit explained in dicta that, although it would have found the parties' forum selection clause enforceable, it could not rule on enforcement of the clause because the defendant had "not yet moved for enforcement of the clause through either a motion to transfer venue under 28 U.S.C. § 1404(a) *or a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim*." <u>Langley, 546 F.3d at 369</u> (emphasis added). This dicta has been interpreted by at least one court as implicit approval of Rule 12(b)(6) as a mechanism for dismissing cases for improper venue based on forum selection clauses. <u>C. Thorrez Indus., Inc. v. LuK Transmissions Sys., LLC, No. 5:09-cv-1986, 2010 WL 1434326, at *3 (N.D. Ohio Apr. 8, 2010)</u> (Lioi, J.). Contemporaneously, other courts have found the dicta from <u>Langley</u> vague and, therefore, unpersuasive. <u>Ohio Learning Ctrs., LLC et al. v. Sylvan Learning, Inc. et al., No. 1:10-cv-1062, 2010 WL 2803042, at *4 (N.D. Ohio July 14, 2010)</u> (Gwin, J.); <u>Am. Greetings, 2009 WL 3713686, at *2</u> (Gwin, J.).[6]

Some Ohio cases support the use of Rule 12(b)(6) to dismiss a case for improper venue based on a forum selection clause. *See* <u>C. Thorrez, 2010 WL 1434326, at *3</u> (non-removal case); <u>Huntington Nat'l Bank v. Maxfly Aviation, Inc., No. 06-cv-933, 2007 WL 2783663, at *2 n.2 (S.D. Ohio Sept. 24, 2007)</u> (removal case);

---

[6] All-State also cites <u>Security Watch, 176 F.3d at 369</u>, for support that a Rule 12(b)(6) motion is an acceptable way to seek dismissal of a case for improper venue based on a forum selection clause. <u>Security Watch</u> is inapposite, however, because the parties in that case never identified which type of Rule 12 motion was at issue, and the court declined to decide whether a Rule 12(b)(1), (3), or (6) motion was the most appropriate mechanism to dismiss the case. <u>Sec. Watch, 176 F.3d at 371 n.2</u>; *see also* <u>Kerobo, 285 F.3d at 535</u> (distinguishing <u>Security Watch</u>).

*Hellmuth, Obata & Kassabaum, P.C. v. Bd. of Comm'rs of Hamilton County*, No. 1:05-cv-592, 2005 WL 3465655 at *2 (S.D. Ohio Dec. 19, 2005) (non-removal case); *Gen. Elec. Co. v. G. Siempelkamp GmbH & Co.*, 809 F. Supp. 1306, 1308-09 (S.D. Ohio 1993), *affirmed*, 29 F.3d 1095 (6th Cir. 1994) (non-removal case).

Other Ohio cases disapprove using a Rule 12(b)(6) motion to dismiss a case for improper venue based on a forum selection clause. *See Ohio Learning Ctrs.*, 2010 WL 2803042, at *4 (removal case); *Am. Greetings*, 2009 WL 3713686, at *2-3 (removal case); *Mind-Peace, Inc. v. Pharmacon Int'l, Inc.*, No. 2:06-cv-632, 2006 WL 2849811, at *2 (S.D. Ohio Oct. 2, 2006) (non-removal case).

This Court is persuaded by its review of the case law that a Rule 12(b)(6) motion to dismiss is not an appropriate mechanism for a venue challenge based on a forum selection clause, particularly in this case, which has been removed from state to federal court.

First, the underlying purpose of Rule 12(b)(6), on its face, does not support using Rule 12(b)(6) to challenge venue. A case may be dismissed pursuant to Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). That is, a case may be dismissed pursuant to Rule 12(b)(6) when a complainant fails to plead sufficient facts to support a verdict. *Ohio Learning Ctrs.*, 2010 WL 2803042, at *4. The underlying purpose of challenging venue, however, is entirely different. A case may be dismissed upon a challenge to venue when a movant shows that venue in the present court is not appropriate. *See id.*; Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a).

Second, the procedural consequences of Rule 12(b)(6) do not support using Rule 12(b)(6) to challenge venue. Under the Supreme Court's standard for resolving

motions to dismiss based on forum selection clauses, the pleadings are not accepted as true,[7] as would be required under Rule 12(b)(6). *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir. 1996) (citing *Carnival Cruise Lines v. Shute,* 499 U.S. 585 (1991), *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614 (1985), *Scherk v. Alberto-Culver Co.,* 417 U.S. 506 (1974), and *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1 (1972)). Also, dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits. *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n.3 (1981). Challenges to venue, however, generally do not cause prejudice to the merits of the non-moving party's claims because the case is merely moved to and adjudicated in a new location.[8]

Furthermore, the ability to challenge venue under Rule 12(b)(6) runs the risk of allowing defendants to "test the waters" of the present forum before invoking their rights under the forum-selection clause because a Rule 12(b)(6) motion may be filed at any time before an adjudication on the merits. *See* Fed. R. Civ. P. 12(h)(2); *Sucampo,* 471 F.3d at 549. This effect would tax judicial economy and undermine the efficiency and convenience gained from the enforcement of forum selection agreements. *Sucampo,* 471 F.3d at 548-49; *accord Frietsch,* 56 F.3d at 830.

Third, the fact that other legal mechanisms exist specifically to challenge venue does not support using Rule 12(b)(6) to challenge venue. *See Lipcon,* 148 F.3d at

---

[7] In this case, Lawson argues that it received only the front pages of the Purchase Orders and, therefore, never agreed to the forum selection provisions on the backs of the Purchase Orders. Resolution of this issue requires a court finding on a disputed issue of fact.

[8] All-State requests that this case be dismissed *without* prejudice.

11

1290 ("[T]he Court's conclusion that the federal transfer-of- *venue* statute governs district court decisions in enforcing forum-selection clauses provides support for our view that motions to dismiss based upon forum-selection clauses are cognizable as motions to dismiss for improper venue [under Rule 12(b)(3)]."); Ohio Learning Ctrs., 2010 WL 2803042, at *4 ("[C]onsidering the . . . contrasting purposes of Rule 12(b)(6) and § 1404(a), this Court finds that § 1404(a) provides the appropriate vehicle for considering the forum selection clause in this case."). For example, 28 U.S.C. § 1404(a) allows a district court to transfer a civil action to any other district or division where that case might have been brought; and Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. § 1406(a), and the doctrine of *forum non conveniens* provide for specific challenges to venue. See Kerobo, 285 F.3d at 533-34.

Because a Rule 12(b)(6) motion is not an appropriate mechanism to seek dismissal of a case for improper venue based on a forum selection clause, All-State's Rule 12(b)(6) Motion to Dismiss should be denied.

### III. CONCLUSION

For the foregoing reasons, the Magistrate Judge recommends that All-State's Motion to Dismiss be DENIED.

s/ *Nancy A. Vecchiarelli*
Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: November 23, 2010

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of this notice. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).